UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KENNETH WOLFE, ) | |
| ) | |
|     Plaintiff ) | |
| ) | CAUSE NO. 3:04-CV-786 RM |
| vs. ) | |
| ) | |
| DANIEL R. McBRIDE, *et al.*, ) | |
| ) | |
|     Defendant ) | |

OPINION AND ORDER

Kenneth Wolfe, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). Weiss v. Colley, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>     In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is

entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Wolfe alleges that his neck and shoulders were injured when two correctional officers handcuffed his hands behind his back. Mr. Wolfe decided not to sue those officers. Instead, he sued Major Payne, whom he alleges created the policy requiring that inmates be handcuffed behind the back rather than in front with trip gear.

> Where a prison security measure is undertaken to resolve a disturbance, such as occurred in this case, that indisputably poses significant risks to the safety of inmates and prison staff, we think the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm. As the District Judge correctly perceived, such factors as the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted are relevant to that ultimate determination. From such considerations inferences may be drawn as to whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur. But equally relevant are such factors as the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them, and any efforts made to temper the severity of a forceful response.
>
> When the ever-present potential for violent confrontation and conflagration, ripens into actual unrest and conflict, the admonition that a prison's internal security is peculiarly a matter normally left to

> the discretion of prison administrators carries special weight. Prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security. That deference extends to a prison security measure taken in response to an actual confrontation with riotous inmates, just as it does to prophylactic or preventive measures intended to reduce the incidence of these or any other breaches of prison discipline. It does not insulate from review actions taken in bad faith and for no legitimate purpose, but it requires that neither judge nor jury freely substitute their judgment for that of officials who have made a considered choice. Accordingly, in ruling on a motion for a directed verdict in a case such as this, courts must determine whether the evidence goes beyond a mere dispute over the reasonableness of a particular use of force or the existence of arguably superior alternatives. Unless it appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain under the standard we have described, the case should not go to the jury.

Whitley v. Albers, 475 U.S. 312, 321-322 (1986) (citations, ellipsis, and quotation marks omitted). Mr. Wolfe's complaint alleges that a prophylactic measure was implemented and a considered choice was made not to use trip gear. Mr. Wolfe doesn't allege, and based on this complaint and its attachments it would not be reasonable to infer, that this policy decision was made maliciously and sadistically for the very purpose of causing harm with wanton bad faith for no legitimate purpose. Rather, Mr. Wolfe merely argues handcuffing him behind his back was not reasonable and that front handcuffs and trip gear were a superior alternative. Even if it agreed, it is not for this court to substitute its judgment for that of prison officials in such circumstances. These claims will be dismissed.

Mr. Wolfe alleges that he has complained and filed grievances, but that they were either ignored or denied. The constitution doesn't require that a prison

3

provide a grievance procedure nor that government employees respond to grievances. Jones v. Brown, 300 F. Supp. 2d 674, 679 (N.D. Ind. 2003) ("[T]he First Amendment right to petition the government for a redress of grievances protects a person's right to complain to the government that the government has wronged him, but it does not require that a government official respond to the grievance."). These claims will be dismissed.

Mr. Wolfe alleges that he has been denied access to the courts because the law library is inadequate and because he was not provided the materials he requested. There is no "abstract, freestanding right to a law library . . . [and] an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Lewis v. Casey, 518 U.S. 343, 351 (1996). In Lewis v. Casey, the Supreme Court repudiated language in earlier case law and explained that state actors have no duty to assure that prisoners can litigate claims effectively once they have been raised in court. The right to access, goes no further than access.

> It must be acknowledged that several statements in Bounds went beyond the right of access recognized in the earlier cases on which it relied, which was a right to bring to court a grievance that the inmate wished to present . . . . These statements appear to suggest that the State must enable the prisoner to discover grievances, and to litigate effectively once in court. . . . These elaborations upon the right of access to the courts have no antecedent in our pre-Bounds cases, and we now disclaim them.

Lewis v. Casey, 518 U.S. at 354. Lewis only requires that an inmate be given access to file a complaint or appeal, but state actors have no duty to assure that

prisoners can litigate those claims effectively once they have been raised in court. That is to say, Lewis does not require that Mr. Wolfe ever be permitted access to the law library, only that he be permitted to file a complaint or appeal. Mr. Wolfe does not allege, and based on his complaint and its attachments it would not be reasonable to infer, that he was denied the opportunity to file a complaint or appeal. This claim will be dismissed.

Mr. Wolfe alleges that he was denied medical treatment for his neck and shoulder pain and that his glasses were not replaced for three months. In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. Gutierrez v. Peters, 111 F.3d at 1373.

Mr. Wolfe alleges that he could not read without his glasses. Mr. Wolfe does not allege, and based on this complaint and its attachments it would not be reasonable to infer, that his lack of glasses rendered him nearly blind or that it prevented him from performing basic daily activities. The lack of glasses necessary for reading is an impediment but it is not a serious medical need.

Mr. Wolfe alleges that he was seen by medical staff in regard to his neck and shoulder pain and that they told him to sign up for sick call. Once he signed up and was seen, he was provided with Tylenol (acetaminophen) two weeks later.

> Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless.

Pierson v. Hartley, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). It is not enough to show that a defendant merely failed to act reasonably. Gibbs v. Franklin, 49 F.3d 1206, 1208 (7th Cir. 1995). Even medical malpractice and incompetence do not state a claim of deliberate indifference. Walker v. Peters, 233 F.3d 494 (7th Cir. 2000). "Under the Eighth Amendment, [a prisoner] is not entitled to demand specific care. She is not entitled to the best care possible." Forbes v. Edgar, 112 F.3d 262, 267 (7th Cir.1997).

Here, Mr. Wolfe was seen, evaluated, and treated. The Eighth Amendment doesn't require medical success nor even reasonable treatment, it merely prohibits wanting harm to come to the prisoner. Though his treatment may have been unreasonable, negligent, or an act of medical malpractice, the facts alleged by Mr. Wolfe do not state a claim. Therefore these claims will be dismissed.

For the foregoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED: May   12  , 2005

             /s/ Robert L. Miller, Jr.
             Chief Judge
             United States District Court