UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KENNETH WOLFE, ) | |
| ) | |
| Plaintiff ) | |
| ) | CAUSE NO. 3:04-CV-786 RM |
| vs. ) | |
| ) | |
| DANIEL R. McBRIDE, *et al.*, ) | |
| ) | |
| Defendant ) | |

### OPINION AND ORDER

Kenneth Wolfe, a *pro se* prisoner, seeks leave to proceed *in forma pauperis* on appeal. A prisoner may not bring a civil action or appeal *in forma pauperis* if he has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This is commonly known as the "three strikes" provision.

The records of the United States District Court for the Southern District of Indiana establish that the disposition of two cases filed by Mr. Wolfe qualify as "strikes" within the meaning of §1915(g):

    (1) Wolfe v. Cohn, IP87-C-12, dismissed as frivolous on January 26, 1987;

    (2) Wolfe v. Goldsmith, IP87-C-949, dismissed as frivolous on December 18, 1987.

The records of the United States District Court for the Northern District of Indiana establish that the disposition of a third case filed by Mr. Wolfe qualifies as a "strike" within the meaning of §1915(g):

>    (3) <u>Wolfe v. McBride</u>, 3:04-CV-786, dismissed pursuant to 28 U.S.C. § 1915A on May 17, 2005.

An inmate with three or more "strikes" "can use the partial prepayment option in § 1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" <u>Abdul-Wadood v. Nathan</u>, 91 F.3d 1023, 1025 (7th Cir. 1996). Mr. Wolfe's appeal from the dismissal of a complaint which did not state a claim doesn't qualify as an allegation that he is currently under imminent danger of serious physical injury.

Additionally, pursuant to 28 U.S.C. § 1915(a)(3), "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." This appeal is not taken in good faith for the reasons stated in this court's screening order of May 12, 2005 (docket # 10).

Mr. Wolfe still may proceed with this action, but to do so he must pay the full amount of the filing fee.

For the foregoing reasons, the court:

>    (1) **DENIES** the petition for leave to proceed *in forma pauperis* (docket # 13);

>    (2) **GRANTS** the plaintiff to and including July 8, 2005, within which to pay the $255.00 filing fee, and

2

(3) **ADVISES** him that if he does not pay the filing fee by that date, this appeal may be dismissed without further notice without affecting his obligation to pay the filing fee in installments.

SO ORDERED.

ENTERED: June   15  , 2005

                                              /s/ Robert L. Miller, Jr.  
                                            Chief Judge  
                                            United States District Court